UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN PACK, JR., | No. 2:18-cv-2944 KJM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE A. LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendant Padmesh's motion to dismiss, ECF No. 31, which plaintiff opposes, ECF No. 42.

I. Plaintiff's Allegations

Relevant to the motion to dismiss, the Second Amended Complaint alleges that defendant Padmesh performed a routine surgery to remove three lipomas from plaintiff's forehead, mid-chest sternal area, and neck in the C4-C5 area. ECF No. 8 at 3. The surgery was performed on April 8, 2015, with a note that plaintiff was to have a follow up with a nurse for a wound check on April 10, 2015, and that the sutures on his forehead were to be removed in seven days while the other sutures were to be removed in ten days. Id. Plaintiff was also given a seven-day prescription for morphine tablets. Id.

Plaintiff further alleges that as a result of defendant's unsanitary surgical procedures, he contracted a severe staph infection at the incisions on his chest and neck, and that Padmesh was

1

deliberately indifferent after he contracted the infection.  Id.  When plaintiff went to have his forehead stitches removed on April 15, 2015, he advised the nurse of the infection, which was so severe on his neck that two stitches had "already fall[en] out due to the rotten skin and tissue surrounding the area," and reported that he was in severe pain due to his pain medication expiring.  Id. at 3-4.  The nurse "notated that 2 stitches in the chest wound and 2 stitches in the neck wound 'Were too deep to access', and that 'The wound on the back was leaking fluids.'"  Id. at 4.  Plaintiff was then scheduled for a telemedicine appointment with defendant Padmesh for the following day.  Id.

The next day at the telemedicine appointment, plaintiff notified defendant of the infection, the seriousness of which was verified by the attending nurse, and Padmesh had the nurse hold the camera up to the wound sites.  Id.  Despite the condition of plaintiff's wounds, defendant refused to have plaintiff transported back to the hospital for an examination or to prescribe pain medication.  Id.  Instead, Padmesh authored a false account of the exam by noting that plaintiff had "no complaint" that his wounds were "healing well" and that plaintiff had apparently had an infection on his neck, but now had "a small open wound that looks clean.  Wound is being lightly packed. . . . There is no other treatment required, not necessary for antibiotic . . . ."  Id.

After defendant Padmesh refused to provide plaintiff any treatment, the attending nurse immediately sent plaintiff to see his primary care provider, defendant Pettersen, because she disagreed with Padmesh's findings.  Id. at 5.  Pettersen noted that plaintiff's neck and chest wounds were infected and prescribed additional pain medication and antibiotics, but also refused to send plaintiff back to the hospital for a proper evaluation and to have the imbedded sutures removed.  Id. at 5-6.  As a result, plaintiff's infection became a serious condition that caused on-going, permanent pain; severe pain caused by the required deep-wound packing; and permanent disfigurement.  Id. at 5.

    II.    Motion to Dismiss

        A. Legal Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### B. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Indications that a prisoner has a serious medical need for treatment include the "'existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting McGuckin, 974 F.2d at 1059-60).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing Estelle, 429 U.S. at 104-05). A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To establish a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted).

### C. Discussion

Defendant Padmesh contends that plaintiff's allegations regarding his decisions to not have plaintiff sent to the hospital for evaluation, and to not prescribe pain medication or antibiotics, amount to no more than negligence or a difference of opinion as to plaintiff's medical condition—neither of which state a claim for relief under the Eighth Amendment. ECF No. 31-1 at 7, 10-12. Padmesh further argues that the "lies" and "misstatements" allegedly entered by defendant in plaintiff's medical records simply reflect a difference of opinion, and that the brief delay plaintiff experienced between his appointment with defendant and his primary care provider did not cause any further injury. Id. at 6, 11.

As the undersigned found in screening the Second Amended Complaint, plaintiff has alleged sufficient facts to state a claim for deliberate indifference against defendant Padmesh. Plaintiff alleges that during his telemedicine examination by Padmesh, the surgical sites on his neck and chest were obviously and severely infected, as confirmed by the attending nurse, but that Padmesh nonetheless recorded that plaintiff had no complaint, his wounds were healing well, no treatment other than light wound packing was required, and there was no need for antibiotics. Coupled with plaintiff's allegations that the surgery performed by Padmesh caused the infection, these allegations are sufficient to support an inference that Padmesh deliberately misrepresented plaintiff's condition and refused to treat plaintiff's pain and infection in order to portray that the surgery had been successful. Although it may ultimately be found that Padmesh's decision to not prescribe pain medication or antibiotics constituted no more than a difference of opinion as to appropriate treatment, plaintiff's allegations are sufficient at the pleading stage.

With respect to defendant's argument that plaintiff did not suffer any additional harm because he was seen by Petterson approximately half an hour later, defendant overlooks the fact that plaintiff alleges he was suffering severe pain at the time, and the Eighth Amendment protects plaintiff from the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Accordingly, any delay in receiving pain medication would have caused additional cognizable injury. Whether Padmesh's decision caused an actual delay is an issue that will require the consideration of additional facts and is therefore not properly considered at the pleading stage.

Plaintiff's allegations regarding Padmesh's deliberate misrepresentation of his condition further support the claim that the decision to not transport plaintiff to the hospital for an in-person examination and removal of the imbedded sutures was a deliberate decision to conceal plaintiff's condition rather than a difference of opinion. That plaintiff was seen by Petterson soon thereafter does not absolve Padmesh of liability, since Petterson also failed to send plaintiff to the hospital. As a result of Padmesh and Petterson's combined failure to send plaintiff to the hospital, he allegedly experienced extended severe pain and permanent disfigurement. These allegations are also sufficient to state a claim for relief.

////

In support of his arguments, defendant analogizes this case to <u>Livingston v. Ugbor</u>, No. 3:18-cv-2199 LAB JLB, 2019 WL 183538, 2019 U.S. Dist. LEXIS 6623 (S.D. Cal. Jan 11, 2019). ECF No. 31-1 at 9-10. In <u>Livingston</u>, the plaintiff alleged that the defendant refused to treat or examine his knee, which was swollen from walking to the clinic and caused him serious pain. 2019 WL 183538, at *2, 2019 U.S. Dist. LEXIS 6623, at *3-4. Instead, he was directed to complete a medical request form, told to come back the next day, and returned to his housing unit. 2019 WL 183538, at *2, 2019 U.S. Dist. LEXIS 6623, at *4. When called by the housing sergeant, the defendant advised that the plaintiff had been prescribed pain medication and would be seen the following day. <u>Id.</u> On screening, the court found that even assuming the plaintiff had sufficiently alleged a serious medical need, the allegations were insufficient to show the defendant had ignored the plaintiff's medical needs and instead demonstrated a difference of opinion or negligence at most. 2019 WL 183538, at *3, 2019 U.S. Dist. LEXIS 6623, at *7-8.

<u>Livingston</u> is neither controlling nor particularly persuasive. Unlike in the defendant in <u>Livingston</u>, who prescribed pain medication and a next-day follow-up, defendant Padmesh did not prescribe any medication or additional treatment for plaintiff and it was the nurse who sent plaintiff to see his primary care provider. It also does not appear that there were any allegations in <u>Livingston</u> that the defendant misrepresented the plaintiff's condition to justify a failure to provide treatment. Accordingly, the opinion in <u>Livingston</u> does not persuade this court that a different outcome in this case is necessary or appropriate.

III.  <u>Conclusion</u>

For the reasons set forth above, the undersigned finds that plaintiff has sufficiently stated a claim for relief against defendant Padmesh under the Eighth Amendment and the motion to dismiss should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Padmesh's motion to dismiss, ECF No. 31, be DENIED.

2. In the event the District Judge adopts these findings and recommendations, defendant Padmesh be required to respond to the complaint within twenty-one days of the order denying his motion to dismiss.

2:18-cv-02944-KJM-AC

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE