UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN PACK, JR., | No. 2:18-cv-2944 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| JOE A. LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 54.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel to assist in pre-settlement conference negotiations on the grounds that he is indigent, has limited access to the law library, is limited in his ability to litigate due to his imprisonment, is untrained in the law, and will require assistance if this case proceeds to trial. ECF No. 54. To the extent plaintiff is requesting counsel to assist him at a settlement conference as part of the Post-Screening ADR Project, defendants requested to opt out of the program, ECF No. 51, and their request was granted, ECF No. 53. As a result, plaintiff's request for assistance is moot. To the extent plaintiff's request is a more general request for counsel, he fails to demonstrate the necessary exceptional circumstances because the conditions plaintiff alleges are common to most prisoners. Additionally, any request for counsel based upon the need for counsel at trial is premature because it has not yet been determined that this case will proceed to trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, ECF No. 54, is denied.

DATED: July 27, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2